## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**GOFF DAIRY, LLC,**

      **Plaintiff,**

**v.**                                                                 **No. 11-cv-0966 JCH/SMV**

**MARK A HENRY, JR.,** *doing business as*
**HENRY FARMS,**

      **Defendant.**

<u>**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**</u>
<u>**REGARDING DEFENDANT'S MOTION TO DISMISS**</u>
<u>**FOR IMPROPER VENUE**</u>

THIS MATTER comes before the Court on Defendant's Letter [Doc. 11] ("Motion"), dated May 23, 2012, which the Court construes as a motion to dismiss for improper venue. *See* Order [Doc. 13] (issued May 31, 2012). Plaintiff responded on June 18, 2012. Response to (Deemed) F.R.C.P. Rule 12(b)(3) Motion to Dismiss for Improper Venue [Doc. 15] ("Response"). Defendant did not file a reply. The Honorable Judith C. Herrera, United States District Judge, referred the case to me for proposed findings and recommended disposition. Order of Reference . . . [Doc. 21]. Having considered the Complaint, the Motion and Response, and the relevant case law, I find that the Motion is not well-taken and recommend that it be denied.

## <u>BACKGROUND</u>

This is a breach of contract case arising out of a contract for the sale of hay. Complaint [Doc. 1] at 3. Plaintiff operates a dairy business in New Mexico. *Id.* at 1. Defendant operates a farm in Missouri. *Id.* The Complaint alleges that Defendant contracted to sell hay to Plaintiff

and subsequently breached the contract by failing to deliver the agreed-upon quality and quantity of hay. *Id*. at 3–4. Jurisdiction is based on diversity. *Id*. at 1–2.

Defendant Henry was served with a copy of the summons and complaint on May 7, 2012. Proof of Service [Doc. 10] at 2. Rather than file an answer to the complaint, he sent a letter to the Court stating that he sold the hay at issue in Unionville, Missouri and that he never shipped hay to New Mexico. Motion [Doc. 11] at 2. He states that all of his contacts with Plaintiff occurred on and around his farm in Missouri. *See id.* He, therefore, claims that this lawsuit has been filed "in the wrong jurisdiction and venue" and asks that the Court dismiss the case so that it might be refiled "in [the] proper venue were [sic] all of the transactions resulted." *Id*. The Court construes Mr. Henry's letter as motion to dismiss for improper venue pursuant to Fed. R. Civ. P. 12(b)(3).

In response to the Motion, Plaintiff submitted an affidavit that states, in pertinent part:

> 4.   I became aware of Defendant Henry's marketing of hay for sale through his advertizing [sic] on the internet in the south plains, including Lea County, New Mexico. His advertisement represented he had a large number of 5X6 bales of brome and orchard grass hay with an average weight of 1,500 pounds and a protein content of 10–12%[,] which would be shipped at a rate of $2.50 a loaded mile.
>
> 5.   I telephoned Mr. Henry to determine if the rate of $2.50 per loaded mile would include delivery of hay to the dairy in southeastern New Mexico. Mr. Henry said it would. On or about September 1, 2011, I personally traveled to meet with Mr. Henry and examine the hay in Missouri. Mr. Henry represented he had an agreement with a trucking company[,] which had over 50 trucks with drop deck trailers[,] and each trailer would haul 34 of the 5X6, 1,500 pound bales (25 tons) for $2.50 per loaded mile for delivery of the hay. On or about September 1, 2011, Goff Dairy, LLC entered into negotiations under which Henry would sell and deliver the hay to Goff Dairy.

2

Defendant Henry agreed to sell and the dairy agreed to buy 6,000 5X6 bales of brome and orchard grass hay with an average weight of 1,500 pounds per bale and a protein content of between ten to twelve percent at a price of $65.00 per bale with the hay to be delivered to Goff Dairy, LLC in Lea County, New Mexico, using drop deck trailers carrying 34 5X6 bales (25 tons) per loaded trip for $2.50 per loaded mile.

6.   Upon my return to New Mexico, the agreement with Henry, on behalf of Goff Dairy, was consummated upon the negotiated terms when Goff Dairy, LLC caused $195,000.00 to be wire transferred to Defendant Henry. The $195,000.00 represented the purchase price for 3,000 bales of hay not including the costs of transportation at the rate of $2.50 per loaded mile, which will be paid later based upon accrued miles associated with delivery.

7.   Subsequently, Defendant Henry notified me in Lea County, New Mexico, that he could not secure transportation of the hay for $2.50 per loaded mile. I demanded return of the $195,000.00 that had been wired from Goff Dairy to Defendant Henry. Defendant Henry represented he would secure transportation for between $2.50 and $3.50 per loaded mile for delivery of hay to Goff Dairy, LLC and he agreed to lower his price per bale from $65.00 per bale to $55.00 per bale as an offset of the increased costs of transportation. Goff Dairy, LLC agreed to this amendment of the contract with Defendant Henry.

8.   Defendant Henry sent three trucks with flat bed trailers, not drop deck trailers, each one loaded with 30 bales or a total of 90 bales of hay with an average weight of 1,200 pounds per bale (18 tons per load). The hay was of lesser quality than the fertilized brome and orchard hay for which Goff Dairy, LLC had contracted[,] and the transportation costs exceeded $3.50 per loaded mile.

9.   I again demanded Defendant Henry return Goff Dairy, LLC's $195,000.00 less the cost of the three flatbed truck loads of hay delivered to Goff Dairy, LLC. Defendant Henry has not returned any money.

Affidavit [Doc. 15-1] at 1–2.

## DISCUSSION

Venue is proper in a diversity case in (1) a judicial district where any defendant resides, if all defendants reside in the same state; or (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.  28 U.S.C. § 1391(b) (2011).[1]  Once venue is challenged, the

---

[1] 28 U.S.C. § 1391 was amended in 2011.  The previous version read, in pertinent part:

> (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in
>
>   (1) a judicial district where any defendant resides, if all defendants reside in the same State,
>
>   (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
>
>   (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.
>
> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in
>
>   (1) a judicial district where any defendant resides, if all defendants reside in the same State,
>
>   (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or
>
>   (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a)–(b) (2002).  The current version reads:

> (a)  Applicability of section. Except as otherwise provided by law--
>
>   (1) this section shall govern the venue of all civil actions brought in district courts of the United States; and
>
>   (2) the proper venue for a civil action shall be determined without regard to whether the action is local or transitory in nature.
>
> (b)  Venue in general. A civil action may be brought in--
>
>   (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
>   (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

burden shifts to the plaintiff to prove that it is proper by presenting specific facts to support the allegations. *Gwynn v. TransCor America, Inc*., 26 F.Supp.2d 1256, 1261 (D. Colo. 1998) (interpreting 28 U.S.C. § 1391 (2002)); *Concesionaria DHM, S.A. v. Int'l Fin. Corp.*, 307 F.Supp.2d 553, 558 (S.D.N.Y. 2004) (same); *Troupe v. O'Neill*, No. 02-4157, 2003 WL 21289977, at *1 (D. Kan. May 9, 2003) (unpublished) (same). In this case, suit was not brought in the district where the defendant resides, as allowed by § 1391(b)(1). The inquiry is, therefore, whether venue is proper under § 1391(b)(2), in other words, whether a substantial part of the events or omissions giving rise to the claim occurred in New Mexico.

Section 1391 does not limit venue to the district with the *most* substantial events or omissions. *Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1165 (10th Cir. 2010) (interpreting 28 U.S.C. § 1391 (2002)). Rather, it "contemplates that venue can be appropriate in more than one district and permits venue in multiple judicial districts as long as a substantial part of the underlying events took place in those districts." *Id*. at 1166 (quoting *Gulf Ins. Co. v. Glasbrenner*, 714 F.3d 353, 356 (2d Cir. 2005)); *see also B-S Steel of Kan., Inc. v. Tex. Indus., Inc.*, 229 F.Supp.2d 1209, 1223 (D. Kan. 2002) ("28 U.S.C. 1391(b)(2) . . . . is interpreted to allow that a substantial part of the events may have occurred in more than one district, and venue may be proper even if contacts with another district were more substantial.") (internal quotation marks omitted).

At least one other district court has applied a substantial contacts test in determining whether a substantial portion of the relevant events or omissions occurred in the forum in

---

     (3) if there is no district in which an action may otherwise be brought as
provided in this section, any judicial district in which any defendant is subject to
the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391 (a)–(b) (2011).

question.  *See PI, Inc. v. Quality Prods., Inc.,* 907 F.Supp. 752, 757 (S.D.N.Y. 1995) ("In determining venue under [§ 1391(a)(2) (2002)], a court must apply a substantial contacts test."). Courts are to "consider a number of factors, including where the contract was negotiated or executed, where it was to be performed, and where the alleged breach occurred."  *PI,* 907 F.Supp at 757–58; *see also JSP Int'l v. Tri-Tech Group, Inc.,* No. 95-2422, 1995 WL 413299, at *5 (S.D.N.Y. July 13, 1995) (unpublished) (holding venue in breach of contract action is proper where contract is negotiated and executed or where it was to be performed).

In this case, there are substantial contacts with New Mexico sufficient to make venue in New Mexico proper under § 1391(b)(2).  Plaintiff is a New Mexico corporation with its principal place of business in New Mexico.  Complaint for Breach of Contract and Specific Performance [Doc. 1] ("Complaint") at 1.  And although much of Defendant's performance—the growing and harvesting of the hay—was to take place in Missouri, a substantial part of Defendant's performance—the eventual delivery of the hay—was to take place in New Mexico.  *See* Complaint [Doc. 1] at 3, ¶ 8.  Delivery is an important element of performance in a contract for the sale of goods.  *See* UCC § 2-507 (2011) ("Effect of Seller's Tender; Delivery on Condition. . . . Tender of delivery is a condition to the buyer's duty to accept the goods and . . . to his duty to pay for them."); *see also JSP Int'l*, 1995 WL 413299 at *5 ("[I]f [products] of inferior quality were delivered to [defendant's] Ohio plant, . . . that would constitute a breach giving rise to this action and venue *could* be allowed under § 1391(a)(2).").  There is no doubt that a substantial part of the underlying events occurred in New Mexico when Defendant allegedly failed to deliver the agreed-upon quality and quantity of hay there.  I find, therefore, that Plaintiff has satisfied his burden of establishing that venue is proper in New Mexico.  *See James v. Booz-*

*Allen*, 227 F.Supp.2d 16, 20 (D.D.C. 2002) ("In considering a Rule 12(b)(3) motion, the court accepts the plaintiff's well-pled factual allegations regarding venue as true, and draws all reasonable inferences from those allegations in plaintiff's favor.")

**WHEREFORE**, I recommend that Defendant's Motion to Dismiss for Improper Venue [Doc. 11] be **DENIED.**

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**