**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**GOFF DAIRY, LLC,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　　　　　　　　**No. 11-cv-0966 JCH/SMV**

**MARK A. HENRY, JR., doing business as**
**HENRY FARMS,**

    **Defendant.**

### ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION REGARDING DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE

THIS MATTER is before the Court on Defendant's Letter [Doc. 11] ("Motion"), dated May 23, 2012, which the Court construes as a motion to dismiss for improper venue. Order [Doc. 13] (issued May 31, 2012). United States Magistrate Judge Stephan M. Vidmar was assigned as the referral judge on August 6, 2012. Notice [of Reassignment] [Doc. 19]. He recommended that the Motion be denied. Proposed Findings and Recommended Disposition Regarding Defendant's Motion to Dismiss for Improper Venue [Doc. 22] ("PF&RD") at 7 (issued August 20, 2012). Plaintiff has timely filed Objections. *See* Defendant's Letter [Doc. 23] ("Objections") at 4 (mailed September 4, 2012).

This Court conducted a *de novo* review of the PF&RD to determine the validity of Defendant's Objections. *See* 28 U.S.C. § 636(b)(1). Because the Court finds that a substantial part of the events giving rise to the claim occurred in New Mexico, the Court will OVERRULE the Objections [Doc. 23] and ADOPT the PF&RD [Doc. 22]. Accordingly, the Court will DENY Defendant's Motion [Doc. 11].

I.  **BACKGROUND**

   A.  **Complaint and Motion**

Plaintiff is a dairy business operating in New Mexico. *See* [Doc. 1] ("Complaint"). Plaintiff filed its Complaint for Breach of Contract and Specific Performance on October 28, 2011. *Id.* at 1. The Complaint alleges that Defendant, who operates a farm in Missouri, advertised hay over the internet "in a manner that would be seen by residents of New Mexico." *Id.* at 1, 2. The Complaint further alleges that Defendant contracted to sell and deliver to Plaintiff 6,000 bales of hay, but that Defendant subsequently could not secure delivery at the quoted price. *Id.* at 3. The parties renegotiated the price of the hay when Defendant secured transportation at a higher price, but nevertheless, Defendant allegedly breached the contract by failing to deliver the agreed upon quantity and quality of hay. *Id.* at 3–4.

Defendant now moves to dismiss the Complaint, arguing that venue is not proper in New Mexico. Motion [Doc. 11] at 2; *see also* Order [Doc. 13] at 1–2 (construing [Doc. 11] as a motion to dismiss for improper venue). As grounds for his Motion, Defendant states that he is not a resident of New Mexico; that that all of his contacts with Plaintiff occurred in Missouri; that the contract was signed in Missouri; that payment was wired to a Missouri bank; and that Defendant was not responsible for shipping the hay. *Id.* In its Response to the Motion, Plaintiff included an affidavit from Buster Goff, the manager for Goff Dairy, LLC. The affidavit states, *inter alia*: that Defendant had an agreement with a trucking company to deliver the hay to New Mexico; that Plaintiff wired payment for the hay while he was in New Mexico; that Buster Goff (representing Plaintiff) renegotiated the sales price while in New Mexico; and that Defendant

had sent three trucks loaded with 90 bales of hay to New Mexico in an attempt to comply with the contract. Affidavit [of Buster Goff] [Doc. 15-1] at 1–2. Defendant did not file a reply.

### B. PF&RD and Objections

The Magistrate Judge recommended denying the Motion. PF&RD [Doc. 22] at 7. He reviewed the propriety of venue under the current version of 28 U.S.C. § 1391(b)(2) (2011), which states: "A civil action may be brought in . . . a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated . . . ."[1] In determining whether a "substantial part" of the relevant events occurred in New Mexico, the Magistrate Judge found (a) that Plaintiff is a New Mexico corporation with its principal place of business in New Mexico, (b) that the delivery of hay was to take place in New Mexico, and (c) that partial performance under the contract (delivery of 90 bales of hay) took place in New Mexico. *Id.* at 6–7. The Magistrate Judge found that venue was proper in New Mexico because a substantial part of the underlying events giving rise to the claim occurred in New Mexico. *Id.* Accordingly, he recommended that the Motion be denied. *Id.*

In its Objections, Plaintiff argues that Plaintiff, not Defendant, was the party responsible for hiring delivery trucks to transport the hay. Objections [Doc. 23] at 1. The remainder of Defendant's Objections simply repeats verbatim the language of the Motion. *Compare* Motion [Doc. 11] at 1–2, *with* Objections [Doc. 23] at 2–3 (beginning with, "Henry Farm is located in Unionville, Missouri.") (stating that the hay at issue was sold in Missouri, never advertised in New Mexico, and that the purchaser would arrange for shipment).

---

[1] This action was filed before the 2011 amendments to 28 U.S.C. § 1391 became effective. *See* n. 2, *infra*. However, the operative language of the statute pertinent to the Court's analysis did not change.

I.     **ANALYSIS**

In a diversity action, venue is proper in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(a) (2002).[2] Once venue is challenged, the burden shifts to the plaintiff to establish that venue is proper by presenting specific facts to support the allegations. *Gwynn v. TranscCor America, Inc.*, 26 F. Supp. 2d 1256, 1261 (D. Colo. 1998). When considering a motion to dismiss based on improper venue, the court accepts all well-pled factual allegations as true and views them in the light most favorable to the plaintiff. *Jones v. KP&H LLC*, 288 F. App'x 464, 467–68, No. 07-3246, 2008 WL 2805444, *3 (10th Cir. July 22, 2008) (unpublished).

Section 1391(a)(2) does not limit venue to the district where the most substantial events or omissions occurred. *Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1165 (10th Cir. 2010). Venue can be proper in multiple judicial districts "as long as a substantial part of the underlying events took place in those districts." *Id.* at 1166 (quoting *Gulf Ins. Co. v. Glasbrenner*, 714 F.3d 353, 356 (2d Cir. 2005)) (internal quotation marks omitted). In

---

[2] Section 1391 was amended in 2011 pursuant to the Federal Courts Jurisdiction and Venue Clarification Act of 2011. *See* Pub. L. No. 112-63, 125 Stat. 758 (2011); *see also* PF&RD [Doc. 22] at 4–5, n.1 (comparing the pre- and post-2011 amendment versions of § 1391). However, the Court will cite the previous version of § 1391 that predated the 2011 Act. Title II of the Act, which revised § 1391, took effect on January 6, 2012. *See* Pub. L. No. 112-63, § 205(a) ("The amendments made by this title shall take effect upon the expiration of the 30-day period beginning on the date of the enactment of this Act.") (January 6, 2012 being 30 days after the Act was approved on December 7, 2011). Changes made by Title II apply to, *inter alia*, any action commenced in a federal district court on or after January 6, 2012. *See id.* at § 205(b). Because the underlying Complaint in this action was filed before January 6, 2012, the version of § 1391 that predates the 2011 amendments applies to this action.

determining whether venue is proper for a breach of contract action via the "substantial part" analysis, courts should "consider a number of factors, including where the contract was negotiated or executed, where it was to be performed, and where the alleged breach occurred." *Etienne v. Wolverine Tube, Inc.*, 12 F. Supp. 2d 1173, 1181 (D. Kan. 1998) (quoting *PI, Inc. v. Quality Prods., Inc.*, 907 F.Supp. 752, 757–58 (S.D.N.Y. 1995)) (internal quotation marks omitted).

The dispositive inquiry, therefore, is whether a substantial part of the events or omissions giving rise to the claim occurred in New Mexico. *See* 28 U.S.C. § 1391(a)(2) (2002). The Magistrate Judge found that Plaintiff is a New Mexico corporation with its principal place of business in New Mexico. PF&RD [Doc. 22] at 6; *see also* Complaint [Doc. 1] at 1. He further found that the contract required the hay to be delivered in New Mexico, and that a portion of the hay was, in fact, delivered in New Mexico. PF&RD [Doc. 22] at 6. Defendant does not dispute these findings.

The thrust of Defendant's Objections is that (1) he was not responsible for shipping the hay under the contract,[3] (2) the hay at issue was sold in Missouri, and (3) Defendant never advertised the hay in New Mexico. Objections [Doc. 23] at 1–2. Even assuming the truth of those statements, it is undisputed that a substantial part of the events giving rise to the claim occurred in New Mexico. The contract called for delivery of the hay to New Mexico. Complaint [Doc. 1] at 3; Affidavit [of Buster Goff] [Doc. 15-1] at 1. Buster Goff, as representative of Plaintiff, renegotiated the purchase price from Lea County, New Mexico, when

---

[3] The Court must accept all well-pled factual allegations as true and view them in the light most favorable to the Plaintiff. The Complaint alleges that Defendant was responsible shipment of the hay, and the Court is bound to accept that representation. *See Jones*, 288 F. App'x at 467–68, No. 07-3246, 2008 WL 2805444, *3; *see also* Complaint [Doc. 1] at 3; Affidavit [of Buster Goff] [Doc. 15-1] at 1.

Defendant could not secure delivery at the price he had quoted.  Affidavit [of Buster Goff] [Doc. 15-1] at 2; *see also Etienne*, 12 F. Supp. 2d at 1181 (courts should look at where the contract was negotiated when conducting a "substantial part" analysis).  Furthermore, Defendant allegedly breached the contract by delivering non-conforming hay to Plaintiff in New Mexico.  Complaint [Doc. 1] at 3; Affidavit [of Buster Goff] [Doc. 15-1] at 2; *see also Etienne*, 12 F. Supp. 2d at 1181 (courts conducting a "substantial part" analysis should also look at where the alleged breach occurred).  The Court therefore determines that Plaintiff has established that a substantial part of the underlying events giving rise to the claim occurred in New Mexico.

II. **CONCLUSIONS**

For the reasons outlined above, the Court finds that venue in this case is proper in the District of New Mexico, and that Defendant's Motion to Dismiss should be denied.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendant's Objections [23] are **OVERRRULED**.

**IT IS FURTHER ORDERED** that the Magistrate Judge's Proposed Findings and Recommended Disposition Regarding Defendant's Motion to Dismiss for Improper Venue [Doc. 22] are **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion [Doc. 11] is **DENIED**.

**IT IS SO ORDERED**.

_____
**JUDITH C. HERRERA
United States District Judge**