**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

GOFF DAIRY, LLC,

    Plaintiff,

v.   No. 11-cv-0966 JCH/SMV

MARK A. HENRY, JR., doing business as
HENRY FARMS,

    Defendant.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

THIS MATTER is before me on Plaintiff's Praecipe [Doc. 30], filed on March 11, 2013. On August 13, 2012, Judge Herrera referred this matter to me to conduct hearings and perform any legal analysis required to recommend an ultimate disposition. Order of Reference . . . [Doc. 21]. For the following reasons, I find that default should be entered.

**FACTUAL AND PROCEDURAL HISTORY**

Plaintiff is a dairy business operating in New Mexico. *See* Complaint for Breach of Contract and Specific Performance [Doc. 1] ("Complaint"). The Complaint alleges that Defendant contracted to sell and deliver to Plaintiff 6,000 bales of hay. *Id.* at 3. However, Defendant subsequently discovered that delivery would cost more than he anticipated. *Id.* The parties renegotiated the price of the hay to account for the higher delivery costs. *Id.* Nevertheless, Defendant allegedly breached the contract by failing to deliver the agreed upon quantity and quality of hay. *Id.*

Plaintiff filed its Complaint on October 28, 2011. *Id*. at 1. In lieu of an answer, Defendant wrote a letter addressed to the Court, [Doc. 11] (filed May 30, 2012), which the Court liberally construed as a Motion to Dismiss for Improper Venue, Order [Doc.13]. The Court denied the Motion to Dismiss on October 16, 2012. Order Adopting Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 24]. On October 19, 2013, the Court ordered Defendant to answer within 20 days. Order to Answer [Doc. 25]. Defendant has not filed an answer, or any motion for extension of time. In fact, Defendant has not participated further in the case in any way whatsoever. *See, e.g.*, Clerk's Minutes [Doc. 35] (Defendant failed to appear at a show-cause hearing on Plaintiff's Motion for Default Judgment [Doc. 28]).

On March 11, 2013, Plaintiff filed the present Praecipe, by which it requested the Clerk of the Court to enter default. [Doc. 30] at 1. Default has not been entered.

## ANALYSIS

Where a "party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, . . . [the Court may] enter the party's default." Fed. R. Civ. P. 55(a). Here, default is warranted because, although Defendant filed a Motion to Dismiss, it was denied, and he has not filed an answer or otherwise defended. *See U.S. Commodity Futures Trading Comm'n v. Smith*, 2012 U.S. Dist. Lexis 119125, at *16–18 (W.D.Va. April 16, 2012) (entering default judgment where defendants failed to take any action for twenty-four months after the court denied their motion to dismiss). I therefore **RECOMMEND** that Plaintiff's Praecipe [Doc. 30] be GRANTED, and that default be entered against Defendant.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**