IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

GOFF DAIRY, LLC,

      Plaintiff,

v.                                             No. 11-cv-0966 JCH/SMV

MARK A. HENRY, JR., doing business as
HENRY FARMS,

      Defendant.

### MAGISTRATE JUDGE'S PROPOSED FINDINGS
### AND RECOMMENDED DISPOSITION

THIS MATTER is before me on Plaintiff's Motion for Default Judgment [Doc. 28] ("Motion"), filed March 1, 2013.  Defendant filed no response, and the time for doing so has passed.  On August 13, 2012, the Honorable Judith C. Herrera, United States District Judge, referred this matter to me for analysis and a recommended disposition.  [Doc. 21].  Having reviewed the briefing and relevant case law, and having conducted hearings on May 16, 2013 and July 30, 2013, I find that Plaintiff's Motion should be granted in part and denied in part, and that default judgment should be entered in favor of Plaintiff for compensatory damages and pre- and post-judgment interest, but not for attorney's fees, costs, or punitive damages.

### FACTUAL AND PROCEDURAL HISTORY

Plaintiff is a dairy business operating in New Mexico. *See* Complaint for Breach of Contract and Specific Performance [Doc. 1] ("Complaint").  Plaintiff filed its Complaint on October 28, 2011. *Id.* at 1.  The Complaint alleges that Defendant contracted to sell and deliver to Plaintiff 6,000 bales of hay for a total of $390,000. *See id.* at 3; *see also* First Amended

Affidavit of Kenneth Ivan "Buster" Goff [Doc. 39-1] ("Amended Affidavit") at 1.  Plaintiff made

a down payment of $195,000, which amounted to 50% of the contract price excluding delivery

costs.  Complaint [Doc. 1] at 3.  However, Defendant subsequently discovered that delivery

would cost more than he anticipated.  *Id.*  The parties renegotiated the price of the hay to account

for the higher delivery costs.  *Id.*  Nevertheless, Defendant allegedly breached the contract by

failing to deliver the agreed upon quantity and quality of hay.  *Id.* at 3–4.  Specifically,

Defendant only shipped 90 bales of hay that were lighter and of "lesser quality" than that for

which the parties contracted.  *Id.*  Also, the hay was delivered in flatbed trailers, not in the "drop

deck" trailers on which parties had agreed.  *Id.*

In lieu of an answer, Defendant wrote a letter addressed to the Court, [Doc. 11] (filed

May 30, 2012), which the Court liberally construed as a Motion to Dismiss for Improper Venue,

Order [Doc.13].  The Court denied the Motion to Dismiss on October 16, 2012.  Order Adopting

Magistrate Judge's Proposed Findings and Recommended Disposition [Doc. 24].  On

October 19, 2012, the Court issued an Order to Answer [Doc. 25], giving Defendant 20 days

within which to file an answer.  Defendant has not filed an answer, or any motion for extension

of time.  In fact, Defendant has not participated further in the case in any way whatsoever.

On March 1, 2013, Plaintiff filed the present Motion [Doc. 28] seeking default judgment

under Fed. R. Civ. P. 55(b)(1).  Plaintiff attached to its Motion the affidavit of Kenneth Ivan

"Buster" Goff, the managing member of Plaintiff Goff Dairy, LLC.  Affidavit [Doc. 28-1] at 1.

The Motion sought the following relief:

- $991,944 in compensatory damages, as calculated in Buster Goff's affidavit, Motion
  [Doc. 28] at 2; *see also* Affidavit [Doc. 28-1] at 2–3;

- "[P]rejudgment interest from October 28, 2011, at an interest rate of 15% in an amount of $198,504.67 (calculated for 487 days times a per diem interest rate of $407.61 through the date of February 27, 2013)[,] plus $407.61 per day thereafter until the date [j]udgment is entered herein," Motion [Doc. 28] at 3;

- Punitive damages "in an amount to be determined by the Court," *id.*;

- Any costs and attorney's fees incurred, without specifying how they are to be calculated, *id* at 4.; and

- An evidentiary hearing, should the Court deem that Fed. R. Civ. P. 55(b)(2) applies, *id.*

The Court subsequently ordered Defendant to show cause why judgment should not be entered against him in the amounts requested in the Motion.  Order to Show Cause [Doc. 32] at 1.   The Court concurrently scheduled a telephonic hearing for May 16, 2013, to allow Defendant to show cause.  *Id.*  Defendant filed no documents in response to the Order to Show Cause.

Defendant failed to appear at the show-cause hearing.  Clerk's Minutes [Doc. 35] at 1. Plaintiff's counsel argued that Defendant did not appear because he was incarcerated, allegedly for perpetrating schemes to cheat others as he had done to Plaintiff.  Plaintiff asked the Court to award punitive damages on that basis.  *Id.* at 2; *see also* Complaint [Doc. 1] at 5, 6, 7 (asserting that Plaintiff is entitled to punitive damages).  The Court ordered Plaintiff to file an affidavit containing a detailed accounting of attorney's fees and costs.  Clerk's Minutes [Doc. 35] at 2. Plaintiff has filed no such affidavit.

On June 25, 2013, I recommended that default be entered against Defendant.  [Doc. 36]. No party objected.  The Court entered default on July 17, 2013.  [Doc. 37].  On July 18, 2013, I set another hearing for July 30, 2013, for Plaintiff to further explain his calculation of damages. Order Setting Telephonic Motion Hearing [Doc. 38].  Plaintiff filed an Amended Affidavit on

July 23, 2013, in which he reduced his alleged compensatory damage amount to $852,984.

Amended Affidavit [Doc. 39-1] at 3.  The hearing was held as scheduled on July 30, 2013, and

Plaintiff reduced his request for pre-judgment interest from 15% to 8.75%.

## ANALYSIS

Fed. R. Civ. P. 55(b) allows courts to enter default judgment in favor of one party against

another where default has been entered, after the party seeking default judgment has moved for

it, and if the court can determine the amount of damages.  *See* Fed. R. Civ. P. 55(b)(2)(B).  I find

that default judgment is appropriate for some of Plaintiff's requested relief.[1]

First, Plaintiff seeks "compensatory damages" for the difference in price of hay Plaintiff

purchased to make up for the hay that Defendant failed to deliver.  Plaintiff asserts that the

difference amounted to $852,984.  Amended Affidavit [Doc. 39-1] at 3.  I recommend that

default judgment in favor of Plaintiff include $852,984.

Second, Plaintiff originally requested pre-judgment interest at 15% or $407.61 per day

from October 11, 2011 until the date that judgment is entered.  Motion [Doc. 28] at 3.  However,

this calculation was based on Plaintiff's original, higher calculation of damages.  Because

Plaintiff later amended his damages request, the pre-judgment interest should be calculated using

the amended, lower compensatory damage amount of $852,984.  Additionally, Plaintiff orally

amended his requested pre-judgment interest rate from 15% to 8.75% at the July 30, 2013

hearing.  Accordingly, I recommend that default judgment be entered in favor of Plaintiff for an

---

[1] Chambers staff contacted counsel for Plaintiff on July 17, 2013, to schedule an evidentiary hearing, as requested.  However, counsel advised that Plaintiff no longer sought an evidentiary hearing to supplement the record and, instead, wished the Court to rule on the record before it.

additional $204.48 per day starting on October 28, 2011, until the date that judgment is entered. *See* NMSA 1978, § 56-8-3 (capping pre-judgment interest at 15% for contacts not in writing).

Third, Plaintiff seeks costs and attorney's fees.  Motion [Doc. 28] at 4.  The Court ordered Plaintiff's counsel to submit an affidavit containing a detailed accounting of both fees and costs.  Clerk's Minutes [Doc. 35] at 2.  However, Plaintiff never filed such an affidavit. Therefore, there is no evidence to support an award of fees or costs.  *See Obenauf v. Frontier Fin. Grp., Inc.*, 785 F. Supp. 2d 1188, 1197 (D.N.M. 2011) (there must be evidence to support request for money award in default judgment).  I therefore recommend denying Plaintiff's Motion insofar as it seeks default judgment for any costs or attorney's fees, as Plaintiff has failed to provide evidence to support either.

Finally, Plaintiff seeks punitive damages because Defendant allegedly cheated others as he had done to Plaintiff.  Motion [Doc. 28] at 3.  However, argument of counsel is not evidence, nor is there evidence in the record that supports punitive damages.  *See Obenauf*, 785 F. Supp. 2d at 1197.  I therefore recommend denying Plaintiff's Motion insofar as it requests default judgment for punitive damages.

## CONCLUSION

I **RESPECTFULLY RECOMMEND** that Plaintiff's Motion for Default Judgment [Doc. 28] be GRANTED IN PART, such that default judgment be entered in favor of Plaintiff in the amount of $852,984, plus pre- and post-judgment interest at 8.75%.

I **RECOMMEND FURTHER** that Plaintiff's Motion for Default Judgment [Doc. 28] be

DENIED IN PART, such that Plaintiff's request for default judgment with respect to attorney's

fees, costs, and punitive damages be denied.

---

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

---

 

_____

**STEPHAN M. VIDMAR**
**United States Magistrate Judge**